**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARZIA CHAUDHARY**, <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT P. PENNEY, M.D.**, *et al.*, <br><br> Defendants. | Civil Action No. 20-18529 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon separate Motions for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The first Motion for Summary Judgment ("Bayshore Motion", ECF No. 35) was filed by Defendant Bayshore Medical Center ("Bayshore"). The second Motion for Summary Judgment ("Riverview Motion", ECF No. 39) was filed by Riverview Medical Center ("Riverview").

  Defendant Bayshore filed a Brief in Support of its Motion ("Bayshore's Moving Br.", ECF No. 35-1) and a Statement of Material Facts Not in Dispute ("Bayshore's SMFND", ECF No. 35-1). Plaintiff Marzia Chaudhary ("Plaintiff") filed a Brief in Opposition to the Bayshore Motion ("Pl.'s Opp'n to Bayshore Motion", ECF No. 41) along with her Statement of Material Facts Not in Dispute ("Pl.'s Counter SMFND to Bayshore", ECF No. 41). Bayshore filed a Reply Letter in response to Plaintiff's Brief in Opposition ("Bayshore's Reply", ECF No. 45).

  Similarly, Defendant Riverview filed a Brief in Support of its Motion ("Riverview's Moving Br.", ECF No. 39) and a Statement of Material Facts Not in Dispute ("Riverview's

1

SMFND", ECF No. 39). Plaintiff Marzia Chaudhary ("Plaintiff") filed a Brief in Opposition to the Riverview Motion ("Pl.'s Opp'n to Riverview Motion", ECF No. 42) along with her Statement of Material Facts Not in Dispute ("Pl.'s Counter SMFND to Riverview", ECF No. 42). Riverview filed a Reply Brief in response to Plaintiff's Brief in Opposition ("Riverview's Reply", ECF No. 44).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant Bayshore's Motion for Summary Judgment and DENY Defendant Riverview's Motion for Summary Judgment.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A. **The Parties**

Plaintiff alleges that she was a victim of medical malpractice after she visited Defendant medical practices in relation to her persisting pelvic and abdominal pain. At all times relevant to this case, Robert P. Penney, M.D. ("Dr. Penney") was and is a physician licensed to practice medicine specializing in obstetrics and gynecology. At all times relevant to this case, both Defendants Bayshore and Riverview were and are professional healthcare organizations duly licensed to provide comprehensive medical services to the public in Monmouth County, New Jersey.

   B. **Procedural History**

This action was commenced on July 17, 2020, after Plaintiff filed a Summons and Complaint in the United States District Court, Eastern District of New York. (ECF No. 1.) An Amended Complaint was filed on September 22, 2020. ("Amended Complaint", ECF No. 6.) In the Amended Complaint, Plaintiff alleges that the pre- and post-operative care provided by

Defendants was rendered in a negligent and careless manner.  (*See generally Id.*)  Shortly thereafter, this action was transferred to this Court.  Following the transfer, Defendant Bayshore filed its Answer on December 23, 2020.  (ECF No. 22.)  Defendant Riverview filed its Answer on February 22, 2021.  (ECF No. 27.)

### C. Undisputed Facts

The Court has found the following facts to be relevant and undisputed.

The Amended Complaint as it pertains to Bayshore arises from Plaintiff's admission to the emergency room at Defendant Bayshore Medical Center's facilities on January 21, 2020.  (Bayshore's SMFND ¶ 11; Pl.'s Counter SMFND to Bayshore ¶ 9.)  The reason for Plaintiff's admission to the emergency room was due to her suffering from complications and injury received during an abdominal hysterectomy.  (Pl.'s Counter SMFND to Bayshore ¶ 9.)  Whilst at Bayshore, Plaintiff was seen by two physicians: Dr. Snehal Patel, who is Board Certified in Emergency Room Medicine, and Dr. Mark Singer, who is Board Certified in Diagnostic Radiology.  (Bayshore's SMFND ¶ 13; Pl.'s Counter SMFND to Bayshore ¶ 10.)  Plaintiff was not seen by an OB-GYN.  (Bayshore's SMFND ¶ 12; Pl.'s Counter SMFND to Bayshore ¶ 10.)

Similarly, the Amended Complaint as it pertains to Riverview arises from Plaintiff's December 31, 2019 procedure[1] at Defendant Riverview Medical Center.  (Pl.'s Counter SMFND to Riverview ¶ 8.)  Plaintiff's surgery was performed by Defendant Dr. Penney, at the facilities of Riverview Medical Center.  (*Id.* ¶ 9.)  Dr. Penney is a Board-Certified OB-GYN.

Plaintiff suffered complications following these treatments which prompted her to file the instant action.

---

[1] The procedure was a laparoscopic robotic-assisted hysterectomy bilateral salpingo-oophorectomy that was ultimately completed as a total abdominal hysterectomy bilateral salpingo-oophorectomy. (Pl.'s Counter SMFND to Riverview ¶ 8.)

3

On February 22, 2021, a conference with the Court and counsel was held, during which Plaintiff was ordered to file an Affidavit of Merit on or before March 31, 2021. (Bayshore's SMFND ¶ 6; Pl.'s Counter SMFND to Bayshore ¶ 6.) On March 26, 2021, Plaintiff filed an Affidavit of Merit by Dr. Eisenstein, a Board-Certified OB-GYN, along with his *curriculum vitae* ("CV"). (Bayshore's SMFND ¶ 7; Riverview's SMFND ¶ 4.) On March 30, 2021, movant's counsel sent Plaintiff's counsel a letter objecting to the sufficiency of the Affidavit of Merit. (Bayshore's SMFND ¶ 9; Pl.'s Counter SMFND to Bayshore ¶ 8.) The 120-day deadline to serve the requisite Affidavit of Merit as to Defendants expired no later than June 22, 2021, and Plaintiff has not served any supplemental Affidavit of Merit. (Riverview's SMFND ¶ 7.)

### D. Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because parties are domiciled in diverse states and the amount in controversy exceeds the sum of $75,000.00.

## II.  LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F.

4

Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id*. (quoting *Anderson*, 477 U.S. at 250).

"Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact.'" *Id*. (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

### III.   DISCUSSION

Plaintiff is attempting to hold Defendants vicariously liable for the physicians' alleged malpractice. Both Defendants moved for summary judgment, arguing that Plaintiff's Affidavit of Merit of Dr. Eisenstein is insufficient.

Under New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29, a plaintiff in a medical malpractice action must provide an affidavit from an equivalently credentialed physician attesting that there is a reasonable probability that the defendant physician's treatment fell outside acceptable professional standards. *Buck v. Henry*, 207 N.J. 377, 25 A.3d 240 (2011). The submission of an Affidavit of Merit is considered an element of the claim, and the failure to submit an appropriate Affidavit of Merit ordinarily requires dismissal of the complaint with prejudice. *Meehan v. Antonellis*, 226 N.J. 216, 228 (2016). However, a complaint will not be dismissed if

the plaintiff has substantially complied with the Affidavit of Merit obligations. *Id.* The core purpose underlying the statute is "to require plaintiffs to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *In re Petition of Hall*, 147 N.J. 379, 391 (1997). Importantly, "there is no legislative interest in barring meritorious claims brought in good faith." *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 154 (2003). However, the ultimate interpretation of Affidavit of Merit sufficiency is left up to the courts. *Ryan v. Renny*, 203 N.J. 37, 999A.2d 427 (2010).

In the case of an action for medical malpractice, the person executing the affidavit must meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in N.J.S.A. 2A:53A-41 ("section 41"). Section 41 "establishes qualifications for expert witnesses in medical malpractice actions" and "provides that an expert must have the same type of practice and possess the same credentials, as applicable, as the defendant health care provider, unless waived by the court." *Meehan*, 226 N.J. at 231. Section 41 precludes a person from providing expert testimony or executing an Affidavit of Merit in a medical malpractice action unless the expert or affiant is a licensed physician or other health care professional in the United States and meets other standards, depending on the qualifications and area of practice of the party against whom, or on whose behalf, the testimony is provided. *Id.* (citing N.J.S.A. 2A:53A-41(a)). The equivalency or kind-for-kind[2] credential requirement may be waived if the moving party demonstrates that a good faith effort failed to yield a qualifying expert in the specialty or subspecialty, and the court determines that the proposed expert or affiant has sufficient training, experience, and knowledge to provide an opinion. *Id.* The training, education, and experience

---

[2] The New Jersey Supreme Court has set forth three distinct categories embodying that kind-for-kind rule: (1) those who are specialists in a field recognized by the American Board of Medical Specialties ("ABMS") but who are not board certified in that specialty; (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and (3) those who are general practitioners. *Ryan v. Renny*, 203 N.J. 37 (2010).

must be derived from "active involvement in, or full-time teaching of, medicine in the appropriate area of practice or a related field of medicine." *Id.* Moreover, section 41 "requires that plaintiffs' medical expert must 'have specialized at the time of the occurrence that is the basis for the [malpractice] action in the same specialty or subspecialty' as defendant physicians." *Nicholas v. Mynster*, 213 N.J. 463, 468 (2013) (quoting N.J.S.A. 2A:53A-41) (alteration in the original). Pursuant to section 41, a plaintiff "cannot establish the standard of care through an expert who does not practice in the same medical specialties as defendant physicians," *id.* at 468, and who is not "equivalently credentialed in the same specialty or subspecialty as the defendant physician," *id.* at 467.

In the present case, Dr. Eisenstein is a Board-Certified OB-GYN, specializing in the laparoscopic and robotic-assisted gynecological surgery, the exact type of surgery that Plaintiff underwent, and thus the underlying cause of action. Dr. Eisenstein is not Board-Certified in Emergency Room Medicine or Diagnostic Radiology. Additionally, as per his CV, Dr. Eisenstein has held various Director positions, including his current one as Director of the Center of Excellence in Minimally Invasive Gynecologic Surgery, Henry Ford Hospital Detroit and Henry Ford Hospital West Bloomfield. As a Director of a program in a major hospital, it is clear to the Court that Dr. Eisenstein is experienced in administrative matters and matters involving managing other physicians and staff.

### A. BAYSHORE

Plaintiff's experience at Defendant Bayshore Medical Center entailed Plaintiff checking into Bayshore's Emergency Room after suffering from complications and injuries received during an abdominal hysterectomy. (Pl.'s Counter SMFND to Bayshore ¶ 9.) During Plaintiff's visit to Bayshore, Plaintiff was seen by two physicians: Dr. Snehal Patel, who is Board Certified in

Emergency Room Medicine, and Dr. Mark Singer, who is Board Certified in Diagnostic Radiology. (Bayshore's SMFND ¶ 13; Pl.'s Counter SMFND to Bayshore ¶ 10.) Both of these Board-Certifications are specialty fields, as recognized by the ABMS. Plaintiff was not seen by an OB-GYN while at Bayshore. (Bayshore's SMFND ¶ 12; Pl.'s Counter SMFND to Bayshore ¶ 10.)

The New Jersey Supreme Court has noted that if a defendant physician not only practices in an ABMS specialty, but also is board certified in that specialty—such as Dr. Patel and Dr. Singer—then the challenging expert must have additional credentials. *Nicholas,* 213 N.J. at 482. Thus, if the defendant physician specializes in a practice area "and . . . is board certified and the care or treatment at issue involves that board specialty . . . , the expert witness" then must either be credentialed by a hospital to treat the condition at issue, N.J.S.A. 2A:53A-41(a)(1), or be board certified in the same specialty in the year preceding "the occurrence that is the basis for the claim or action" *Id.* (quoting N.J.S.A. 2A:53A-41(a)(2)). "The hospital-credentialing provision is not an alternative to the same-specialty requirement; it only comes into play if a physician is board certified in a specialty." *Id.* Thus, "only a specialist can testify against a specialist about the treatment of a condition that falls within the specialty area. The hospital-credentialing provision is only a substitute for board certification." *Id.*

In light of the fact that Dr. Eisenstein is not Board-Certified in the same specialties as the two physicians who treated Plaintiff while she was at Bayshore Medical Center, he is not qualified to opine on their standards of care. This difference in Board Certification also fails the kind-for-kind credential requirement prescribed by Section 41 because Dr. Eisenstein was not equivalently credentialed in the same specialty as Dr. Snehal Patel and Dr. Mark Singer. *Carter v. Lalla*, No. A–2553–16T1, 2018 WL 2122735, at *1 (N.J. Super. Ct. App. Div. May 9, 2018) (holding that

affidavit of merit was insufficient because it was not authored by a plastic surgeon but instead by a physician Board-Certified in general surgery and specializing in cosmetic surgery); *see also Nicholas,* 213 N.J. at 474 (granting summary judgment because a plaintiff's testifying medical expert at the time of the alleged malpractice was not equivalently credentialed in the same specialty as the defendant doctor).

Although Plaintiff argues that Dr. Eisenstein is qualified to give testimony on Dr. Patel and Dr. Singer's standard of care because "Dr. Eisenstein routinely diagnoses and treats various gynecological conditions, including with the use of the diagnostic and radiological tests", this argument does not overcome the difference in Board-Certifications and specializations between the relevant physicians. In short, Plaintiff has not set forth specific facts showing that there is a genuine dispute for trial in light of her insufficient Affidavit of Merit. Accordingly, this favors granting Defendant Bayshore's Motion for Summary Judgment absent a waiver by the Court.

### B. WAIVER

Notwithstanding the above, N.J.S.A 2A:53A-41(c) permits a Court to waive the "same specialty or subspecialty" requirement of the Statute, if, upon motion "after the moving party has demonstrated to the satisfaction of the court that a good faith effort has been made to identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine." The waiver exception to the requirements of the Affidavit of Merit statute was "to permit meritorious cases, for which no equivalently-qualified expert can be obtained to be aired in the courtroom." *Ryan*, 203 N.J. at 57.

Unfortunately, Plaintiff's sole argument for waiver is that she "has shown good faith by providing an affidavit of an expert who is not only a Board-Certified OB/GYN, but is also greatly experienced in the other specialties involved in this matter." (Pl.'s Opp'n to Bayshore Motion at 7.) Plaintiff fails to offer any information as to what measures she took to find experts in the fields of Emergency Room Medicine or Diagnostic Radiology and that an "equivalently-qualified expert" could not be obtained. Accordingly, Plaintiff is not entitled to a waiver as she has not satisfied the requirements for one set forth in N.J.S.A 2A:53A-41(c).

### C. RIVERVIEW

Plaintiff was treated at Defendant Riverview Medical Center by Defendant Dr. Penney, a Board-Certified OB-GYN. (Pl.'s Counter SMFND to Riverview ¶¶ 8–9.) Dr. Eisenstein has similar credentials to Dr. Penney as he also is a Board-Certified OB-GYN. According to his CV, Dr. Eisenstein has over thirty years of experience practicing in obstetrics and gynecology, has completed extensive research and participated in multiple publications regarding the same, and also has vast experience as a director in gynecological surgery.

The Affidavit of Merit statute requires, as a threshold to pursuing professional malpractice litigation, that Plaintiff provide, within the statutory time frame, an affidavit from an appropriate expert "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." *Rab v. Doner*, Civ. No. L-9931-07, 2010 WL 2869528, at *3 (N.J. Sup. Ct. App. Div. July 19, 2010) (quoting N.J.S.A. 2A:53A-27).

Here, Dr. Eisenstein is qualified to opine on both Dr. Penney's care as well as Riverview's vicarious liability because his credentials satisfy the kind-for-kind requirement prescribed by

Section 41. Both Dr. Eisenstein and Dr. Penney are Board-Certified OB-GYNs, and Dr. Eisenstein's experience as a director in a major hospital allows him to opine on administrative matters and matters involving managing other physicians and staff. Furthermore, Dr. Eisenstein's Affidavit of Merit contains almost verbatim the statutory language and clearly meets the statutory requirement by naming the physician whose care allegedly fell below the acceptable standard of care. *See, e.g.*, *Johnson v. Handler*, No. A-3862-13T3, 2015 WL 10677203, at \*6–7 (N.J. Super. Ct. App. Div. Apr. 15, 2016) (concluding that in vicarious liability cases against healthcare facilities, an AOM must specifically identify whose negligence the affiant purported to review; merely referring to the hospital's "physicians and other healthcare providers" was insufficient).

In summary, Dr. Eisenstein's Affidavit of Merit is statutorily sufficient and does support Plaintiff's contention that Dr. Penney and Riverview deviated from accepted standards of care in their diagnosis and treatment of Plaintiff's issues.[3] Accordingly, the Court will deny Defendant Riverview's Motion for Summary Judgment.

## IV.   CONCLUSION

For the reasons stated above, the Court will GRANT Defendant Bayshore's Motion for Summary Judgment and DENY Defendant Riverview's Motion for Summary Judgment. An appropriate Order will follow.

Date: **November 8, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court's finding is limited to this Motion. Of course, Plaintiff must establish that Dr. Eisenstein is qaulified to render this opinion before presenting it at trial.